UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DIRECTV INC., :
: NO. 1:04-CV-00618
    Plaintiff, :
: **ORDER**
:
v. :
:
:
CHARLES DAVENPORT, :
:
    Defendant. :

      This matter is before the Court on the Plaintiff's DIRECTV, Inc. (hereinafter "DIRECTV") Motion for Judgment by Default Against Defendant Charles Davenport (hereinafter "Davenport") [Sum Certain] (doc. 10). Davenport did not file objections thereto. Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, DIRECTV moves this Court for judgment by default against Davenport (doc. 10). The default judgment sought by DIRECTV is for a sum certain and, as such, may be entered by the Clerk pursuant to Rule 55(b)(1). This sum certain is: $62,877.00, with $60,000.00 as statutory damages and $2,877.00 as reasonable attorneys' fees and costs (doc. 10).

      This case involves allegations that Davenport received DIRECTV satellite transmissions without authorization, in violation of the Federal Communications Act of 1934 ("FCA"), specifically 47 U.S.C. § 605(a), as well as the Electronic Communications Privacy Act ("ECPA"), specifically 18 U.S.C. §

2511(1)(a) (doc. 10).  On November 16, 2004, the clerk entered default judgment against Davenport (doc. 6). On November 19, 2004, the Parties conducted a private mediation and reached a settlement (doc. 10). On April 12, 2005, this Court issued an Order requiring DIRECTV to show cause in writing why the case should not be dismissed for failure to prosecute (Id.). DIRECTV acknowledges that it forgot to send the settlement documents to Davenport (Id.). So, on April 14, 2005, DIRECTV mailed copies of the settlement documents to Davenport (Id.). On May 2, 2005, DIRECTV responded to the Court's Show Cause Order (doc. 8). In that Response, DIRECTV informed the Court that the Parties were in the process of finalizing the settlement and executing all necessary documents (doc. 10).

On June 27, 2005, counsel for DIRECTV mailed a letter to Davenport requesting return of the signed settlement document and overdue settlement payments (Id.). Davenport did not return the documents or submit the required funds (Id.). On August 9, 2005, a second letter was mailed to Davenport to which Davenport again did not respond (Id.). No mail sent to Davenport has been returned as undeliverable (Id.).

Davenport has never filed an answer or otherwise defended against the claims in DIRECTV's Complaint (Id.). Davenport did attend a private, non-Court ordered mediation, but he has not yet signed the settlement agreement and other documents

-2-

(Id.).  Additionally, Davenport has failed to make the agreed upon settlement payments and failed to respond to DIRECTV's attempts to communicate with him (Id.).  Accordingly, asserts DIRECTV, judgment by default is warranted (Id.).  DIRECTV notes that Davenport is not an infant or incompetent, nor is he in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1990 (Id.).

In DIRECTV's Complaint, a request for statutory damages of $10,000.00 for each Private Access Device purchased and possessed in the United States in violation of 18 U.S.C. § 2511(1)(a), 18 U.S.C. § 2520(c)(2), and 47 U.S.C. § 605(a) as well as reasonable fees was made in the event of a default (Id.).  As DIRECTV is seeking only statutory damages, it need not present evidence of any actual damages suffered.  See 18 U.S.C. § 2520(c).  Section 2511(1)(a) of the ECPA makes it illegal when any person, "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication."  18 U.S.C. § 2511(1)(a).  Furthermore, 18 U.S.C. § 2520(c) provides for the recovery of statutory damages.  It states:

> In any other action under this section, the court may assess as damages whichever is the greater of -
>
> (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or

> (B) statutory damages of whichever is the greater of $100.00 a day for each day of violation or $10,000.00.

18 U.S.C. § 2520(c).

The Sixth Circuit in Dorris v. Absher, 179 F.3d 420 (6th Cir. 1999) outlined the framework that courts should follow in determining an award of statutory damages under § 2520(c)(2). Dorris stated:

> [W]e hold that the proper inquiry for a district court awarding damages under 18 U.S.C. § 2520(c)(2) should be as follows:
>
> (1) The court should first determine the amount of actual damages to the plaintiff plus the profits derived by the violator, if any. *See* 18 U.S.C. § 2520(c)(2)(A).
>
> (2) The court should next ascertain the number of days that the statute was violated, and multiply by $100. *See* 18 U.S.C. § 2520(c)(2)(B).
>
> (3) The court should then tentatively award the plaintiff the greater of the above two amounts, unless each is less than $10,000, in which case $10,000 is to be the presumed award.
>
> (4) Finally, the court should exercise its discretion to determine whether the plaintiff should receive any damages at all in the case before it. *See* 18 U.S.C. § 2520(c)(2).

Dorris at 430.

Statutory damages under the FCA are permitted pursuant to Section 605(e)(3)(C)(i)(II) in amounts of not less than $1,000.00 and no more than $10,000.00 for each violation of § 605(a). See 47 U.S.C. § 605(e)(3)(C)(i)(II). Section 605(a)

imposes civil and criminal penalties on any person who receives or assists another in the unauthorized reception of "radio communications" such as DIRECTV's satellite transmissions. 47 U.S.C. § 605(a). Section 605(e)(3)(C)(i)(II) also authorizes the Court to award statutory damages up to $100,000.00 per violation, upon a showing that the defendant acted willfully and for purposes of direct or indirect commercial advantage or private financial gain. 47 U.S.C. § 605(e)(3)(C)(ii).

DIRECTV has alleged that Davenport acted with the requisite intent and mental state (doc. 1). Furthermore, DIRECTV alleged in its Complaint that Davenport purchased and used illegally modified DIRECTV Access Cards and/or other devices ("Pirate Access Devices") designed to permit viewing of DIRECTV's television programming without authorization by or payment to DIRECTV (Id.). Davenport allegedly purchased six Pirate Access Devices from Loader1.com, placed the orders for the Pirate Access Devices by using interstate or foreign wire facilities, and received his orders via the United States Postal Service or commercial mail carriers (Id.). These devices were purchased in the United States (Id.). Use of the Pirate Access Devices to intercept DIRECTV's television transmissions by Davenport began on September 28, 2001 (Id.).

DIRECTV is seeking only statutory damages in this matter, not actual, sustained damages (doc. 10). Pursuant to

-5-

Section 2520, Davenport is liable for $100.00 in per diem damages per device (Id.).  However, DIRECTV notes that under Dorris, it is entitled to damages in the amount of $10,000.00, because the per diem damages are less than $10,000.00 per device (Id.).  Pursuant to 605(3)(3), Davenport is liable for a minimum of $1,000.00 per violation, and a maximum of $10,000.00 per violation (Id.).

Accordingly, DIRECTV's Motion for Default Judgment Against Defendant Davenport in a Sum Certain is GRANTED (doc. 10). The Clerk is ORDERED to enter default judgment in favor of Plaintiff and against Defendant in the amount of $62,877.00, $60,000.00 of which amounts to damages under the ECPA and the FCA and $2,877.00 which amounts to reasonable attorneys' fees and costs incurred by DIRECTV.

SO ORDERED.


Dated: November 19, 2005        s/S. Arthur Spiegel

                                S. Arthur Spiegel
                                United States Senior District Judge